JODI LINKER
Federal Public Defender
Northern District of California
DAVID W. RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  david_rizk@fd.org

Counsel for Defendant HAEUSER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 22-00181 SI |
|---|---|
| Plaintiff, | **SECOND SUPPLEMENTAL SENTENCING MEMORANDUM** |
| v. | |
| ROBERT HAEUSER, | |
| Defendant. | |

i

Defendant Robert Haeuser respectfully provides this supplemental submission to (1) provide the Court with the requested psychological report, attached hereto as Exhibit A (under seal), authored by Dr. Kathleen Longwell, Ph.D.; (2) identify a recent sentencing case that further supports Mr. Haeuser's request for the mandatory minimum of 60 months; and (3) object to the conditions of supervised release proposed by U.S. Probation, in view of Dr. Longwell's report and propose alternative conditions instead.

*First*, attached is the psychological evaluation requested by the Court. In summary, it reflects that Mr. Haeuser is at "very low risk" for reoffending, provides an analysis of his background, health, and the offense conduct, and makes recommendations for effective care and treatment of Mr. Haeuser. *See* Rizk Decl., Ex. A at 13 ("empirical data indicates that Mr. Haeuser is at a very low risk of committing any type of sexual offense in the future even if he receives no prison time or sex offender treatment."). Significantly, she also finds that as to the mandatory minimum five year sentence: "A longer sentence would be counterproductive and further handicap his finding employment and developing healthy relationships with others." *Id.*

*Second*, in addition to the cases cited by the defense previously (Dkt. No. 65), Mr. Haeuser urges the Court to consider *United States v. Nunez*, Case No. 21-CR-13 CRB, a case that was also handled by the same assigned Assistant United States Attorney. According to the government's sentencing memorandum (Dkt. No. 88), Mr. Nunez was convicted of possessing at least 5 videos and 22 images of minors engaged in sexually explicit conduct. Notably, Mr. Haeuser possessed contraband consisting of 4 videos and 29 images. While it is true that Mr. Haeuser is responsible for soliciting the material in this case, Mr. Nunez obtained at least some of the materials directly from an acquaintance who took a video of himself anally sodomizing a minor victim and then sent it to Mr. Nunez. The government asked for a sentence of 37 months in Mr. Nunez's case, and the Court instead sentenced him to a year and one day. *Nunez* therefore supports the defense's sentencing recommendation in this case, to the extent the Court must be mindful of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

*Third*, and finally, the defense raises objections to U.S. Probation's proposed conditions disclosed in the Final Presentence Report (PSR). Both the *term* of supervised release and the *conditions* of supervised release must comply with the requirements of 18 U.S.C. § 3583(d). That is, they must (1) be "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, and the statutory goals of deterrence, protection of the public, and rehabilitation; (2) involve "no greater deprivation of liberty than is reasonably necessary" to achieve those purposes; and (3) accord with any pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(d).

Notably, the *only* special conditions that the U.S. Sentencing Commission identifies for consideration by the Court in sex offenses are the following:
> (A) A condition requiring the defendant to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders.
> (B) A condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items.
> (C) A condition requiring the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

*See* U.S.S.G. § 5D1.3(d)(7); *United States v. Weber*, 451 F.3d 552, 557-58 (9th Cir. 2006).

Under Judicial Conference policy, probation officers are required to consider recommending a special condition only if the officer determines that the mandatory and standard conditions do not adequately address the defendant's risks and needs.[1] Although it is unfortunately routine in this district for U.S. Probation to propose the exact same extremely restrictive set of special conditions in virtually every single sex offense case, regardless of the particularities of the defendant and the case, judicial policy dictates that probation officers "should avoid presumptions or the use of set packages of conditions for groups of offenders and keep in mind that the purposes vary depending on the type of supervision."[2] Officers "should ask first whether the circumstances in *this* case require such a deprivation of liberty or property to

---

[1] Guide to Judiciary Policy ("Guide"), vol. 8E, § 620.60(b).
[2] *Id.*, vol. 8D, §§ 240(d) & 530.20.30(b).

2

accomplish the relevant sentencing purposes at *this* time."[3] Good supervision is "tailored to the risks, needs, and strengths presented by the individual offender as determined by careful assessment of each case."[4] And, for defendants facing lengthy terms of imprisonment, the officer should consider whether the risks and needs present at the time of sentencing will be present when the defendant returns to the community.[5]

"The government bears the burden of establishing the necessity of any condition of supervised release," as well as its term. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (citing *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006)). The Ninth Circuit, following other Circuits, has found that it is an abuse of discretion for the district court to impose conditions, such as restrictions on access to computer devices and the Internet, where the district court fails to articulate any specific reasons for its decision. *See, e.g.*, *United States v. Lamere*, 373 Fed. App'x 669, 673 (9th Cir. 2009) (unpublished); *United States v. Goodwin,* 717 F.3d 511, 523-24 (7th Cir. 2013) (Posner, J.) (vacating severe restrictions because "the district court has not provided any explanation of how this condition is reasonably related"); *United States v. Dunn*, 777 F.3d 1171 (10th Cir. 2015); *United States v. Malenya*, 736 F.3d 554 (D.C. Cir. 2013); *United States v. Dotson*, 715 F.3d 576 (6th Cir. 2013).

First, not unlike the government's and U.S. Probation's excessive sentencing recommendations of 10 and 15 years in custody, respectively, their suggestion that he should serve 15 years of supervised release is also plainly excessive. As with the conditions, under 18 U.S.C. § 3583(d)(2), the term of supervision must "involve[] no greater deprivation of liberty than is reasonably necessary." The government does not come close to carrying its burden to justify 15 years of supervision. *Wolf Child*, 699 F.3d at 1090. Here, a term of five years is adequate, given that: (1) Mr. Haueser is a "very low risk" defendant, (2) who has no criminal history, (3) there is no evidence of other similar offenses or any general sexual interest in children, (4) Dr. Longwell opines that he would be very unlikely to offend even in the absence of

---

[3] *Id.* §§ 240(d), 530.20.30(b) (emphasis in original).
[4] *Id.*, vol. 8E, § 170(a).
[5] *Id.*, vol. 8D, § 530.20.30(b).

3

a sentence and treatment, and (5) he has been perfectly compliant with draconian device and location monitoring requirements during the year and a half this case has been pending. The *only* justification for such a long period of supervision offered by U.S. Probation is the following: "The lengthy term of supervised release is based on Mr. Haeuser's conduct in this case and the need for support during his rehabilitation." PSR (Recommendation) at 3. Needless to say, that purported justification falls far short. The evidentiary record and Dr. Longwell's report clearly show that the offense conduct was an isolated incident, and "the need for support during his rehabilitation" exists in every single case. U.S. Probation's positions do not countenance either point. It is unfortunately quite obvious that neither the government nor U.S. Probation has not made well-informed recommendations based on the individual facts and circumstances of Mr. Haeuser's case.

Attached hereto are the supervised release conditions proposed by the defense for Mr. Haeuser. Rizk Decl., Ex. B & C. Exhibit B is a redline[6] of probation's proposed conditions with justifications and Exhibit C is a clean copy for the Court's convenience, should it elect to adopt the defense's proposals. Notably, the conditions proposed by U.S. Probation far exceed the conditions identified as potentially appropriate in sex offense cases by the Sentencing Commission and are not supported by a number of Dr. Longwell's conclusions. The defense's proposals do not and are supported by Dr. Longwell's report. They are also supported by the justifications in Exhibit B, which were informed by meeting and conferring with representatives from U.S. Probation in another sex offense matter. A few further observations are warranted as to the particular conditions:

As to Special Conditions Nos. 7-11, pertaining to Mr. Haeuser's access to computer devices and the Internet: consistent with the Sentencing Commission's guidance and given the circumstances of the offense, the defense supports computer monitoring conditions. That said,

---

[6] In Exhibit B, red language has been added, whereas language that is ~~struck~~ has been deleted. The numbered conditions also track the numbering of the special conditions in the PSR. Note that Special Condition No. 11 in the PSR is duplicative of the last sentence of Special Condition No. 9.

4

Mr. Haeuser is an engineer by training and of course employment will be an important component of his rehabilitation when he is released. As Dr. Longwell points out, his offense and registration "will make it more difficult for him to launch his career in engineering." Rizk Decl., Ex. A at 13. In her professional opinion, especially given that he is "very low risk," "[i]t is in the best interest of Mr. Haeuser's rehabilitation and public safety to limit restrictions on his use of the Internet while on probation to prohibiting contact with minors or viewing pornography involving under aged persons of which he is already committed to doing." *Id.* That is so because overly restrictive conditions would be *counterproductive* to Mr. Haeuser's rehabilitation and risk isolating him in an unhelpful way that could actually jeopardize public safety.

The conditions as drafted by U.S. Probation must be revised to pass legal muster. Special Conditions Nos. 7 and 9, in particular, run afoul of *United States v. Lacoste,* 821 F.3d 1187, 1191 (9th Cir. 2016), since they are overbroad. No party is seriously contending that a complete ban on any possession of devices or any access to the Internet is appropriate in this case. Nevertheless, a ban on devices and access to the Internet is how conditions Nos. 7 and 9 are drafted. Committing discretion to U.S. Probation to make exceptions to the ban cannot save an overbroad restriction for the very reasons explained in *Lacoste* and noted in the justifications in Exhibit B.

Finally, such a ban would be wholly inappropriate given the unusual circumstances of this case: namely, that Mr. Haeuser committed the offense approximately five years ago, there is no evidence on any of his devices that he has ever offended in any other way before or afterwards, and he is not a pedophile and does not have any sexual interest in children, according to Dr. Longwell. Notably, Mr. Haueser has also already been on computer monitoring conditions for approximately a year and a half while this case has been pending and he has had no violations—the strongest indication available that greater restrictions are not necessary.

As to Special Condition No. 8, the defense's proposal is a technical amendment addressed to the version of the way U.S. Probation's Computer & Internet Management & Monitoring Program (CIMP) Agreement is implemented. In a meet and confer recently in another matter (*U.S. v. Palacios*), supervisors from U.S. Probation indicated that the protocol this proposed

condition describes will be their practice from now on. Therefore, there should be no objection to the proposed change formalizing the improvements to the process.

As to Special Condition Nos. 10 and 11, these changes are directed at limiting U.S. Probation's intrusion into Mr. Haeuser's computer devices and software, especially as concerns employment, while preserving their access to the extent needed to verify that he is complying with the monitoring requirements and not access contraband. The defense urges the Court to adopt these modifications for the justifications set forth in Exhibit B.

As to Special Conditions No. 13, the restriction on access to adult pornography, the condition, as drafted, directly violates *United States v. Gnirke,* 775 F.3d 1155 (9th Cir. 2015), which is also addressed to the definition in 18 U.S.C. § 2256(2). In any case, U.S. Probation recently committed not to ask for this particular condition at sentencing, absent a supporting psychological evaluation. *See* Rizk Decl., Ex. D (letter from U.S. Probation). Indeed, this is also what the law requires. *See United States v. Canfield*, 893 F.3d 491 (7th Cir. 2018) (pornography restriction that impinges on defendant's First Amendment rights requires a record that reflects individualized findings specific to the defendant); *United States v. Castellano*, --- F.4th ---, 2023 WL 2056029, at *4-6 (4th Cir. Feb. 17, 2023) (same); *see also United States v. Voelker*, 489 F.3d 139, 151 (3d Cir. 2007). The probation officer's suggestion in the PSR that the condition could be modified "after a comprehensive evaluation" is thus exactly backwards. Accordingly, the defense expects U.S. Probation will rescind its request for Special Condition No. 13.

On the merits, the condition is clearly unwarranted in this case. Mr. Haeuser is not addicted to pornography, and there is no evidence that accessing pornography has ever interfered with his daily activities or well-being. There was no evidence he has downloaded child pornography from other sources ever and no collection of pornography was found when he was arrested, although the government seized and searched all his devices. Finally, Dr. Longwell specifically opines that the restriction is not appropriate in Mr. Haeuser's case: "It will not be in his best interest or in the interest of protecting the community to ban him from viewing non-deviant pornography involving persons over the age of 18." Rizk Decl., Ex. A at 13.

Third, as to Special Condition No. 18, it serves no purpose and should not be imposed. The suggestion in the PSR that this condition is "mandatory pursuant to state law" is misleading. Registering as a sex offender is required already by state and/or federal law, irrespective of any supervision requirement. Given that Mr. Haeuser will be under those legal requirements any way, there is no point in including it as a condition. The condition requiring him to notify U.S. Probation is also pointless. In a recent meet and confer in *Palacios*, supervisors from probation acknowledged that, as a federal law enforcement agency, their officers are *already* notified electronically whenever a supervisee updates their registration. Accordingly, Special Condition No. 18 fails the statutory requirement that the supervision conditions must constitute "no greater deprivation of liberty than is reasonably necessary" under 18 U.S.C. § 3583(d)(2).

***

For all these reasons, the defense respectfully requests a sentence of five years in custody, followed by five years of supervised release with the conditions discussed herein.

Respectfully submitted,

Dated:  May 26, 2023

JODI LINKER
Federal Public Defender
Northern District of California

            /S
DAVID W. RIZK
Assistant Federal Public Defender